UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

JOSE GARCIA AND ROSA GARCIA,

                Plaintiffs,

-against-

THE CITY OF NEWBURGH, POLICE
OFFICER PATRICK KELLY, POLICE
OFFICER RAYMOND GORDINEER,
DETECTIVE LORENZO D'ANGELICO,
POLICE OFFICER DOMINICK FORMISANO,
POLICE OFFICER THOMAS DOUGLAS, and
UNKNOWN POLICE OFFICERS 1-10,

                Defendants.
_____x

Case No.
**08 CIV. 1198**
COMPLAINT

BRIEANT

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff against police officers of the City of Newburgh, who unlawfully arrested him and subjected him to excessive force, and against the City of Newburgh, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to police personnel whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct. The City of Newburgh is sued as a person under 42 U.S.C. Section 1983.

## JURISDICTION

2. This action arises under Sections 1983 and 1988 of Title 42 of the United States Code, and the Fourth Amendment to the Constitution of the United States. Jurisdiction is conferred by 28 U.S.C. §§ 1331.

## PARTIES

3. At all times relevant to the allegations of this complaint, plaintiffs Jose Garcia and Rosa Garcia are individuals residing in the County of Orange, State of New York.

4. At all times relevant to the allegations of this complaint, defendants POLICE OFFICER PATRICK KELLY, POLICE OFFICER RAYMOND GORDINEER, DETECTIVE LORENZO D'ANGELICO, POLICE OFFICER DOMINICK FORMISANO, POLICE OFFICER THOMAS DOUGLAS, and UNKNOWN POLICE OFFICERS 1-10, ("defendant police officers" or "individual defendants") were employed by the City of Newburgh Police Department to perform duties in the City of Newburgh.

5. At all times relevant, defendant police officers above-named were acting in the capacity of agents, servants and employees of defendant City of Newburgh and are sued individually and in their official capacities.

6. At all times relevant, defendant City of Newburgh was a municipal corporation duly formed under the laws of New York State, and was the employer and supervisor of defendant police officers. As such, it was responsible for defendants' training, supervision and conduct. It was also responsible, under law, for enforcing the regulations of the City of

Newburgh Police Department and for ensuring that City of Newburgh police personnel obey the laws of the State of New York and of the United States.

7. At all times relevant hereto and in all their actions described herein, defendant police officers were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

8. On the evening of March 30, 2007, at approximately 8:00 p.m., plaintiff JOSE GARCIA and his son were at their residence in the City of Newburgh.

9. Without warning, loud knocking was heard on the front door. Plaintiff JOSE GARCIA opened the door and found a number of uniformed and plainclothes police standing outside. Without saying a word, one of the police officers, a plainclothes detective, believed to be defendant D'Angelico, stepped into the house, seized plaintiff by the neck and the front of his shirt, and pulled him outside. As a result of this unprovoked assault, plaintiff suffered physical injuries to his neck and chest. Plaintiff was then handcuffed and forced to the ground.

10. Plaintiff asked what was going on, but was told to shut up. A number of police officers dressed in black uniforms and carrying guns went into the house and started searching it. A few minutes later, plaintiff's teenage son was brought outside the house.

11. Plaintiff and his son were then questioned about the whereabouts of a man named "Victor," whom the police were apparently looking for, but nobody had the requested information.

12. The police were asked if they had a search warrant, but the question was ignored.

13. At no time were the police given permission to enter the house or to search it, and, on information and belief, the police did not have a valid warrant authorizing the entrance and search.

14. Plaintiff JOSE GARCIA was then told that he was under arrest for obstruction of governmental administration. He was taken to the City of Newburgh Police station, where he sat handcuffed for about two hours. At approximately 11:00 p.m., he was given an appearance ticket and allowed to leave.

15. Later that night, at about 1:45 a.m., plaintiff JOSE GARCIA was awakened by more knocking on the front door. He looked outside and saw a group of police officers standing at the door. This time, the plaintiff did not open the door, and the police left.

16. Again, at about 6:00 a.m. the next morning, another group of police officers returned to the house. They knocked loudly on the door, and plaintiff's wife, plaintiff ROSA GARCIA, went to see what they wanted. This time, the police pushed past her and into the house without saying a word. No warrant was shown, and the police did not ask for permission to enter the house.

17. The police again searched all the rooms of the house, including the basement, and searched the backyard.

18. At the time of the second search, there were five people in the house, including the plaintiff.

19. Again, at no time were the police given permission to enter the house or to search it, and, on information and belief, the police did not have a valid warrant authorizing the entrance and search.

20. Plaintiff JOSE GARCIA was forced to defend the criminal action brought against him, and he was found "not guilty" after a bench trial on August 7, 2007.

## FEDERAL CAUSES OF ACTION

21. Each and every allegation set forth in Paragraphs "1" through "20" is incorporated herein by reference.

22. The above-described actions and omissions, engaged in under color of state authority by defendants, including defendant City of Newburgh, responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiffs of the rights secured to them by the Constitution of the United States, including, but not limited to:

   a. the Fourth Amendment right to be free from unreasonable search and seizure (plaintiffs JOSE GARCIA and ROSA GARCIA);

   b. the Fourth Amendment right to be free from false arrest and false imprisonment (plaintiff JOSE GARCIA);

   c. the Fourth Amendment right to be free from excessive force used in the course of an arrest (plaintiff JOSE GARCIA); and

   d. the Fourth Amendment right to be free from malicious prosecution (plaintiff JOSE GARCIA).

## MUNICIPAL LIABILITY PURSUANT TO 42 U.S.C. § 1983

23. The aforesaid event was not an isolated incident. The City of Newburgh has been aware for years (from lawsuits, notices of claim and complaints filed with the City of Newburgh Police Department and the City of Newburgh) that many of its police officers are insufficiently

trained with respect to the laws of illegal search and seizure, excessive force, false arrest/false imprisonment and malicious prosecution. The City is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City has failed to take corrective action. This failure caused the officers in the present case to violate plaintiffs' civil rights.

24.     The City of Newburgh is also liable because it has been on notice that the defendant police officers lack the objectivity, temperament, maturity, and discretion to be members of the City of Newburgh Police Department. Despite such notice, the City has retained the individual defendants as police officers. This conduct amounts to gross negligence and deliberate indifference to the rights of citizens such as the plaintiffs.

## ATTORNEY'S FEES

25.     Plaintiffs are entitled to an award of attorney's fees, pursuant to 42 U.S.C. 1988.

///

///

///

WHEREFORE, plaintiffs demand the following relief, jointly and severally, against all defendants:

(a) Compensatory damages in the amount to be determined at trial;

(b) Punitive damages in the amount of to be determined at trial;

(c) Attorneys' fees pursuant to 42 U.S.C. 1988; and

(d) Such other and further relief as to the Court seems just and proper.

DATED: Newburgh, New York
January 30, 2008

**COBB & COBB**

By: *John Cobb*
JOHN COBB (JC 9884)
Attorneys for plaintiffs
724 Broadway
Newburgh, NY 12550
(845) 351-5612